The opinion of the Court, was delivered by
Hornblower, C. J.
By the primary devise in the will, the premises were given in express terms to Thomas Wilson, in fee simple. But that estate was afterwards cut down by the testator by implication, to a fee tail. He says, “in case my said son Thomas shall die without lawful issue, I devise all the said lands to my son Ward Wilson his heirs and assigns forever.” This devise over was clearly upon an indefinite failure of issue. There is no clause or expression in the will to indicate, that the testator meant, if Thomas died without issue living at the time of his death ; and consequently Thomas took an estate tail. If the devise over had been to Ward Wilson in case he survived Thomas ; or upon Thomas’ dying without issue and without paying the four hundred dollars, it would have been otherwise. He would then have taken a fee simple with a conditional limitation over by way of executory devise. Pow. on Dev. 194, in the Law Lib.; Avelyn v. Ward, 1 Ves. Sen. 420.
If the limitation over had been by way of executory devise, it might have been material to inquire, when the daughter of Thomas Wilson was born ; whether before or after the sale and conveyance of the premises, under the decree of the court of Chan- *153 eery for the payment of the four hundred dollars. But since it is manifest, that Thomas had only an estate tail in the premises that inquiry becomes unnecessary.
It is true the devise to Thomas was accompanied with a charge of four hundred dollars, to be paid within one year after the death of his mother, but that makes no difference in this case. The language of the testator is, “ subject to the payment of &o.” and this language, unexplained and unqualified as it is by any thing else in the will, constitutes a charge upon the land, and not a personal charge on the devisee. 2 Pow. on Dev. 385 &c. in Law Lib. But if it were otherwise, it would make no difference ; for, where an estate is given in tail, a charge even upon the person of the devisee will not enlarge the estate. Doe v. Fyldes, Cowp. 833; Den v. Slater, 5 D. and E. 335; Den v. Cook, 2 Hal. 41 ; Doe v. Snelling, 5 East 87; 2 Pow. on Dev. 388, in Law Lib. Upon the death therefore of Thomas Wilson, the devisee in tail, without issue, his daughter having died before him without issue and his family having thereby become extinct, the remainder took effect in possession, in the lessor of the plaintiff, he being the only child and heir at law of Ward Wilson.
This being the case, the defendant, or those under whom he holds could derive no title in fee, under the sale and conveyance by the Master in Chancery. That sale could pass no greater estate than Thomas Wilson had in the premises under the will of his father, and that was only an estate tail. The postea must therefore be delivered to the plaintiff.

Judgment for the Plaintiff.

Cited in Seddel v. Willis, Spenc. 228; Moore v. Rake, 2 Dutch, 581-585.